UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

        v.         Case No. 18-CR-209

GREGORY M. IVES,

        Defendant.

---

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

---

On September 4, 2019, Gregory M. Ives was sentenced to 120 months in the custody of the Bureau of Prisons for Conspiracy to Distribute and Possess With Intent to Distribute 50 Grams or More of Actual Methamphetamine. The 120 months imposed by the court was the mandatory minimum sentence for the offense, and the sentence range under the United States Sentencing Guidelines was between 151 to 188 months. In other words, Ives was sentenced to a below-Guideline sentence that was also the mandatory minimum allowed under the law.

Since that time, Ives has filed three separate motions for a Compassionate Release sentence reduction under 18 U.S.C. § 3582(c)(1), including a motion for reconsideration. Although his early motions related to the COVID-19 pandemic, in the most recent motion, Ives requests reduction based upon the fact that his sentence is unreasonably long and there is currently a consideration by the Sentencing Commission of the possibility of reducing mandatory minimums in methamphetamine cases. He notes that other circuits have held that a reduction in Guidelines that are non-retroactive can constitute grounds for compassionate release reductions under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022).

Notwithstanding the cases cited by Ives, the court is satisfied that he is not entitled to a sentence reduction based upon the arguments presented. Although the Sentencing Commission may be considering a reduction of mandatory minimums in methamphetamine cases, no such reduction has actually occurred. Moreover, Ives, whose Criminal History Category was VI, had served several substantial prison sentences prior to this case. Indeed, he was on extended supervision at the time he committed the conspiracy crime for which the court imposed the ten-year sentence. More than twenty-seven criminal history points were calculated in determining his Criminal History Category. Given this record and the seriousness of the offense, the sentence imposed was not unreasonable. A reduction would depreciate the seriousness of the offense and the magnitude of the criminal conduct that Ives had engaged in.

This is not to say that Ives does not appear to have made good use of his most recent time in prison. It appears Ives has taken advantage of many programs and is doing his best to better himself. The court does not oppose the Bureau of Prison's consideration of these matters for further programming and determining whether half-way house or other alternatives to incarceration would be appropriate. Ultimately, however, these are matters entrusted to the Bureau of Prisons. It is not the role of the court to monitor the defendant's behavior after conviction and to adjust his sentence to account for what appeared to be positive adjustments. That can be done through the Bureau of Prisons. Because Ives has failed to show any "extraordinary and compelling reasons" that would warrant a sentence reduction under § 3582(c)(1)(A), his motion is denied.

**SO ORDERED** at Green Bay, Wisconsin this 23rd day of April, 2025.

_____
William C. Griesbach
United States District Judge